IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 14-193 |
| | ) | |
| GERARD PORTER | ) | |

MEMORANDUM AND ORDER OF COURT

Presently before the court is a "Motion to Credit Time" pursuant to 18 U.S.C. §3585 (Document No. 70) filed by Gerard Porter ("defendant"). For the reasons set forth below, the motion will be denied.

On August 12, 2014, a grand jury returned a three-count indictment against defendant charging him with: possession with intent to distribute heroin (Count One); possession of a firearm in furtherance of a drug trafficking crime (Count Two); and, possession of a firearm by a convicted felon (Count Three). A warrant for defendant's arrest was issued. On August 20, 2014, a writ of habeas corpus ad prosequendum was issued to the Allegheny County Jail for defendant to appear for an initial appearance. On September 8, 2014, defendant appeared before United States Magistrate Judge Lisa Pupo Lenihan for an initial appearance and arraignment. Defendant waived a detention hearing and was ordered detained. Defendant has remained detained since his initial appearance.

On May 5, 2015, defendant changed his previously entered plea of not guilty to guilty at Counts One and Two pursuant to a written plea agreement. On September 1, 2015, defendant was sentenced to a term of imprisonment of 84 months, consisting of 24 months at Count One and 60 months at Count Two, to be served consecutively, to be followed by a term of supervised release of six years, consisting of 6 years at Count One and 5 years at Count Two, to be served concurrently.

AO 72
(Rev. 8/82)

In his pending motion, defendant asserts that he has been incarcerated since April 2, 2014, and he requests that all of that time be credited toward the 84-month sentence imposed by this court on September 1, 2015. This court does not have jurisdiction to grant defendant's request.

It is well settled that a sentencing court has no jurisdiction to grant credit for prior custody. Rather, it is the Attorney General, through the Bureau of Prisons, who has the responsibility for imprisoning federal offenders and for administering their sentences. United States v. Wilson, 503 U.S. 329, 331 (1992); 18 U.S.C. §3621(a).

Credit for prior custody is governed by 18 U.S.C. §3585(b). As the United States Supreme Court made clear in Wilson, the responsibility for calculating a federal prisoner's sentence under §3585(b) rests in the first instance with the Attorney General, through the Bureau of Prisons, and not the courts. Wilson, 503 U.S. at 335.

The Bureau of Prisons' regulations set forth procedures which a prisoner must pursue prior to seeking relief in the district court. United States v. D'Ambrosia, 75 Fed. Appx. 82, 83 (3d. Cir. 2003). Accordingly, a defendant must first exhaust his administrative remedies with the Bureau of Prisons before he may seek review in the district court of a sentencing credit determination. Id.

Here, defendant has not demonstrated, nor even alleged, that he has exhausted his administrative remedies with the Bureau of Prisons regarding the computation of his sentence. Accordingly, this court has no jurisdiction to consider defendant's request for time credit. Id.; see also United States v. Brann, 990 F.2d 98, 103-04 (3d Cir. 1993)(defendant seeking credit for time served must first exhaust administrative remedies by seeking credit from Attorney General for pretrial detention).

An appropriate order will follow.

ORDER

AND NOW, this 27th day of January, 2016, for the reasons set forth in the memorandum above, IT IS ORDERED that defendant's motion for time credit (Document No. 70) be, and the same hereby is, **denied**.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

cc: Craig W. Haller
Assistant U.S. Attorney

Thomas Livingston
Assistant Federal Public Defender

Gerard Porter