# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
|  vs. | ) No. 2:14-cr-193-NR |
| GERARD PORTER, | ) |
|  Defendant. | ) |

## ORDER

**AND NOW,** this **26th day of October, 2022**, upon consideration of Defendant Gerard Porter's Motion to Modify Conditions of Release to allow his use of medical marijuana (ECF 82), including all exhibits thereto, it is hereby **ORDERED** that Mr. Porter's Motion is **GRANTED in part and DENIED in part as follows**.

Although Pennsylvania has legalized certain forms of medical marijuana subject to certain conditions, "the use of marijuana for medical purposes, even where sanctioned by state law, remains a violation of federal law[.]" *United States v. Cannon*, 35 F.4th 496, 500 (3d Cir. 2022). Indeed, the Controlled Substances Act "does not contain any exception for medical marijuana." *Id.* (citation omitted). Given that the Bail Reform Act contains a clear directive that a defendant who is on supervised release must "not commit a Federal, State, or local crime during the period of release," and the fact that the possession of marijuana is a violation of federal law and there is no exception for medical marijuana, the Court is unable to modify Mr. Porter's supervised release conditions to permit him to use medical marijuana. *See id.*

That said, it appears that Mr. Porter has been prescribed medical marijuana by a licensed Pennsylvania medical practitioner, and possesses a valid Pennsylvania medical marijuana identification card, pursuant to Pennsylvania's Medical Marijuana Act of 2016. ECF 82-1; ECF 82-2; ECF 83, pp. 10-12. Mr. Porter's prescription for and medical use of marijuana is to treat his mental anxiety. ECF 83,

p. 12.  According to him, medical marijuana "is partially responsible for the progress he has made in life."  *Id.* at p. 13.  That progress includes remaining "crime free, employed, and ha[ving] a stable residence."  *Id.*

Therefore, after considering all the relevant factors under the Bail Reform Act and based on the information provided to the Court regarding Mr. Porter, the Court will not be inclined to find Mr. Porter's use and possession of medical marijuana, consistent with Pennsylvania's Medical Marijuana Act of 2016, to be a sufficient violation of his supervised release conditions so as to warrant, by itself, the revocation of supervised release or modification of the conditions of release. *See Cannon*, 36 F.4th at 500 n.1 ("We do not hold that any use of marijuana for medical purposes while on pretrial release per se warrants revocation.  The consequences of a bail violation are left to the discretion of the trial judge, who bears the important responsibility of balancing the factors in § 3142(g) to determine if a violation justifies revocation and detention.").[1]

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge

---

[1] The Court issued this order without giving the government an opportunity to file a response to Mr. Porter's motion.  The Court did this not to cut off the government's right to respond, but, rather for the sake of efficiency, and because this issue is not entirely ripe at this juncture in the sense that there is no pending petition or request for revocation.